# EXHIBIT I

**BAILEY & OROZCO, LLC**
ATTORNEYS AT LAW

HOWARD W. BAILEY                                               MICHAEL A. OROZCO

THE NATIONAL NEWARK BUILDING
744 BROAD STREET, SUITE 1901, NEWARK, N.J. 07102

PHONE: 973-693-4408                     WEB: WWW.NJ-CRIMINALDEFENSE.COM
FAX:     973-735-2719                                 WWW.BOLEGAL.COM

January 9, 2009

**Via Electronic Filing**
Hon. Mark Falk, U.S.M.J.
U.S. District Court,
District of New Jersey, Newark
F. R. Lautenberg U.S. P.O. & Cthse, Rm. 457
Newark, N.J. 07102

                               **Re: United States v. Maria Magdalena Pacheco Bolanos**
                               **Mag. No. 08-3641 (MF)**

Dear Judge Falk:

Please accept this letter-brief in lieu of a more formal response to the Government's supplemental memorandum.

I.      Certification of Documents

The defendant concedes this point, the documents submitted by Costa Rica are properly certified. They, however, contain no evidence whatsoever, only conclusory statements accompanied by gross misstatements of actual evidence submitted by defendant at the extradition hearing.

II.      Probable Cause has not been established.

The Government's response does not address those arguments brought up by our supplemental brief regarding the sufficiency of evidence needed to find probable cause, and only parrots prior submissions. Regardless, the Government still insists that the petition is sufficient when it completely fails to introduce any actual, tangible evidence other than the conclusory and gross misstatements made by Costa Rica. Every case cited in the Government's most recent submission found probable cause after the reviewing court found the **evidence** sufficient, not a petition alone. In re Berri, 2008 U.S. Dis. LEXIS 77857 (E.D.N.Y. 2008)(holding sufficient evidence to find probable cause after the requesting country submitted documents signed by the defendant showing proof guilt in support of extradition request); Matter of Extradition of Betrand, 1986 WL 8845 (D.N.J. June 13, 1986)(holding sufficient probable cause after requesting state produced request along with 21 attachments consisting of statements, agreements, letters, confessions, etc.); Petrushansky v. Marasco, 325 F.2d 562 (2d Cir. 1963), *cert. denied*,

376 U.S. 952 (1964)(holding sufficient probable cause after Mexican government submitted numerous depositions from witnesses); Afanasjev v. Hurlburt, 418 F.3d 1159 (11th Cir. 2005)(holding sufficient probable cause where requesting State submitted witness statements in addition to the petition); Austin v. Healy, 5 F.3d 589 (2d Cir. 1993)(holding that circumstantial evidence consisting of documents and affidavits used as *evidence* was sufficient to find probable cause).

Regarding the governments contention that the defendant's identity is not in question, we concur. However, her activity is seriously in doubt and we, in no way shape or form, ever conceded it was not. Defendant understands that this proceeding is not a full fledge trial, but her alleged presence at the scene of the original altercation which led to the murder of the decedent is seriously questioned in light of the gross misstatements offered by Costa Rica of what the 'witnesses' actually said. Defendant would also point out that the uncertified, unauthenticated supplementary letter provided by Costa Rica on the date of the extradition hearing now contradicts prior conclusory statements offered in the petition.[1]

A. Contradictory vs. Explanatory Evidence.

Defendant reiterates and incorporates prior submissions and oral arguments. Specifically, during oral argument, defendant's attorneys brought up the fact that the evidence cannot be contradictory if it is the very evidence that the requesting state is using in support of the extradition petition. By definition it is explanatory as the evidence which is the basis for the conclusory statements in the petition were obtained by and through these authenticated, and properly admitted, sworn statements taken before a judge in Costa Rica. If Costa Rica had submitted evidence, for example a sworn statement in the form of an affidavit or declaration by one of the witnesses, then the defendant's submissions would be contradictory if they were different. Again, the statements are the very evidence that the Costa Rican authorities distort in their petition, therefore, it is clearly explanatory. Moreover, defendant is not comparing any of the statements to one another, merely explaining the petition's clear misstatements.

The Government attacks the additional evidence submitted as Exhibit A in the December 29, 2008 submission to Your Honor. Defendant concedes that the evidence is somewhat contradictory to those statements contained in the unauthenticated document submitted at the extradition hearing, however, it clearly shows that an expert's analysis was performed on the hair of the defendant and found not to be a match. Respectfully, the Costa Rican government is grossly misstating the evidence, again.

B. The Treaty clearly calls for the Requesting State to produce evidence.

---

[1] The extradition petition positively identifies the defendant as the person in paragraphs 15 and 16 of the facts in the petition, now supplemental letter states that the witness saw a person consistent with the appearance of the defendant. His name was never even mentioned until defendant submitted the translation of the sworn statements, acknowledgement by Costa Rica of the existence of these statements. The government argues that the statements should not be admitted based upon authentication, but do not argue about the accuracy of its contents.

First, the documents produced by defendant were properly authenticated. The documents submitted were acquired by Mr. Chacon by and through the court in Cartago, Costa Rica. As he testified in court during the extradition hearing, the court in Cartago keeps a file of every case and updates it regularly with official court documents as the matter proceeds. He acquired those documents submitted as Exhibits A, B, and C through the courts. He has reviewed the file regularly, and testified to the fact that the documents submitted by defendant were the same as the documents found in Cartago. He personally delivered those documents to the United States.

Under the Federal Rules of Evidence, Rule 901, "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims…( 7) *Public records or reports.* Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept." Here, defendant brought a licensed attorney from Costa Rica to testify to the authenticity of the documents presented, thus satisfying the Federal Rule 901. Moreover, since the rules of evidence don't apply and are mentioned here only for the purpose of showing that the requisite necessities for proper authentication were met, defendant was the only party that actually presented tangible evidence and witnesses. Your Honor does not need follow any apparent standard for authentication and may, instead, evaluate such evidence with care for the purposes of admissibility.

Finally, an extradition hearing may be predicated entirely upon the unsworn statements of absent witnesses. Collins, supra, 259 U.S. at 317. Both sworn and unsworn statements in properly authenticated documents are permissible. Artukovic v. Rison, 784 F.2d 1354 (9th Cir. 1986). This includes multiple hearsay. Sayne v. Shipley, 418 F.2d 679, 685 (5th Cir. 1969). 18 U.S.C. §3190; Escobedo v. United States, 623 F.2d 1098 (5th Cir. 1980). Mr. Chacon testified exactly to that effect.

In conclusion, the government has utterly failed to produce any evidence in support of its petition for extradition and we ask that the petition be denied, or at a minimum and pursuant to the treaty, that Costa Rica produce sufficient evidence under Article 10.

Respectfully submitted,

Michael Orozco, Attorney for Defendant

MAO/mao
cc:   Lakshmi Herman, Via First Class Mail