Cartago, December 16, 2008

Yorleny Matamoros Salazar

Office of the Prosecutor General of the Republic

OATRI [Office of Technical Consultancy and International Affairs] Prosecutor

    I am writing to inform you of the research done on the file in case number 97-200572-349-PE against Magdalena Pacheco Bolaños and Laureano Montero for the offense of homicide. The victim in the case was José Andrés Borrasé Taylor. The information on record is as follows:

    Page 354 of Volume II shows that Magdalena Pacheco was informed of the charges against her when her initial statement was taken on April 20, 1998.

    On April 20, 1998, the prosecution requested that the Judge of the Criminal Court issue a three-month pretrial detention order against the defendant, which was granted. However, it was replaced on July 22, 1998 by a bond of 500,000 *colones*.

    Defendant Magdalena Pacheco confronted the criminal case against her, attending court until January 4, 1999, when she failed to appear at trial during the oral argument phase of the proceedings. Oral argument had begun on December 15, 1998. Page 1058 of the file contains the Trial Court's ruling finding the defendant in contempt of court and ordering her arrest.

    As a consequence of defendant Pacheco's evasion, the criminal case against her was severed from the case against her husband and codefendant Laureano Montero. All of the proceedings against her were declared null and void. The principal case continued, and defendant Montero was convicted.

    The case against Magdalena Pacheco remains active pending her appearance; the statute of limitations has not expired.

    Several individuals had testified during the oral proceedings that were declared null and void. Among them was Officer Adrian Coto Pereira, a member of

the Judicial Investigative Agency, whose statement linked the defendant to Borrasé Taylor's death.

Defendant Magdalena Pacheco was linked to the case as a result of the investigations conducted by the Judicial Police, introduced at trial through the testimony of Officer Adrián Coto Pereira. The evidence presented subsequently during the trial was not considered by the judges in relation to defendant Pacheco because she had fled. As such, it is impossible to know with any degree of certainty whether such evidence was relevant to establishing her criminal liability. That would require the reopening of oral argument, in order to conclude with certainty whether the evidence gathered currently meets the requisite degree of probability of the defendant's involvement.

The testimony of Homicide Officer Adrián Coto (Pages 258 and 259 of the file) provides evidence pointing to Magdalena Pacheco's probable involvement in the events, given that the defendant went to the residence when her husband Laureano was injured. Also, one of the private investigators hired by Laureano placed her at the scene; having seen here there when she arrived in her brother Juan Carlos's car. Furthermore, the physical description provided by witness Steller Vargas of the person he saw is fully consistent with Magdalena's appearance at the time.

Another important piece of evidence is the information offered voluntarily by the defendant in the presence of her attorney, in which she provided details about having changed the tires on the vehicle she was driving—and in which the victim's body was transported to the place where it was abandoned—in spite of the fact that they were in good condition at the time. [She also stated] that she had gotten rid of a firearm, a rifle, which was consistent with the type of weapon that fired the bullets that killed Borrase. Also, the pattern of the tires was consistent with the tracks located at the scene of the crime, which implicates the defendant circumstantially, [and] points to the knowledge she had of Andrés Borrase's death.

Another factor that incriminates Magdalena Pacheco in terms of the timeline was also obtained from the statement she gave in the presence of her attorney. The time at which the defendant claims to have transported her husband Laureando [sic] to the place known as San Pedro de Montes de Ocas is inconsistent. The time at which she says she did that coincides with the time of José Andrés Borrase's death, which is circumstantial evidence of her presence at the scene of the homicide. Added to this is the fact that the witness Martín saw Magdalena arrive at the house in a white vehicle, which was later determined to belong to her brother, when Laureano was injured and the victim Borrase was unconscious. Therefore, the assertion that she was involved only in picking her husband up at Plaza del Sol, and that she then changed the tires, is not logical.

According to the investigation, the vehicle that was used to dispose of the body was Magdalena's—a Toyota coupe with license plate number 155287. This

was the car that she always drove, and she was the one who went to have the tires changed even though they were in good condition. We also have the accounts given by the owner of the place where the tires were changed and by the homicide officers, and the expert witness reports that establish the similarity between the tire tracks and the tires that were seized.

The white vehicle was mentioned by the private investigator Martín. He states that Laureano had told him that his wife was on her way, and [he states] that when he left the house, he saw her arrive in a white vehicle (which, according to the investigation, is Magdalena Pacheco's brother's vehicle, to which she had access) and later exchange the vehicle in which she had arrived for a red Toyota in which they transported the deceased José Andrés Borrase.

Finally, the file does not contain any request for an expert opinion report on the hair evidence; nevertheless, it is possible that this evidence was not examined during the oral argument phase of the proceedings due to the absence of the defendant, which made it impossible to collect a sample for purposes of comparison.

Sincerely,


Róger Mata Brenes

Cartago Office of the Public Prosecutor

703-247-4295

# CERTIFICATE OF TRANSLATION

I, Aimee Sullivan, certify that I am competent to translate this document, and that the translation is true and accurate, to the best of my abilities. Archival seals, stamps, and certifications have ~~not~~ been translated here.

English Title: __Magdalena Pacheco Bolaños__

Title: __1675__

I certify under penalty of perjury, pursuant to 28 U.S.C. 1746, that the attached translation is true and correct.

Executed this __23rd__ day of __December__ 20__08__.

[or left blank with place for a stamp]

_____
Signature