

*Embassy of the United States of America*

## AMERICAN FOREIGN SERVICE

San José, Costa Rica
February 2, 2009

I, Paul Birdsall, Consul General of the United States of America at San José, Costa Rica, hereby certify that the annexed papers, being additional extradition supporting documents consisting of one report proposed to be used upon an application for the extradition from the United States of America to Costa Rica, of Magdalena Pacheco Bolaños, charged with the crime(s) of aggravated homicide to a complicity degree, alleged to have been committed in Costa Rica, are properly and legally authenticated so as to entitle them to be received in evidence for similar purposes by the tribunals of the Republic of Costa Rica, as required by Title 18, United States Code, Section 3190.

In witness whereof I hereunto sign my name and cause my seal of office to be affixed this 2nd day of February, 2009.



Paul Birdsall, Consul General
of the United States of America



<mark>Cartago, 16 de diciembre de 2008.</mark>

Licenciada

Yorleny Matamoros Salazar

Fiscalía General de la República.

Fiscal OATRI

Me permito informarle sobre el estudio realizado al expediente de la causa número 97-200572-349-PE, seguida contra Magdalena Pacheco Bolaños y Laureano Montero, por el delito de homicidio en perjuicio de José Andrés Borrasé Taylor, hago constar lo siguiente:

Consta a folio 354, del Tomo II, que Magdalena Pacheco fue informada de los cargos en contra de ella en el momento en que se le recibió declaración indagatoria en fecha 20 de abril de 1998.

El día 20 de abril de 1998, el Ministerio Público, solicitó prisión preventiva por tres meses en contra de la imputada al Juzgado Penal, ordenándose la prisión preventiva, la cual sin embargo, fue sustituida el 22 de julio de 1998, por una fianza en la suma de 500.000 colones.

La imputada Magdalena Pacheco, enfrentó el proceso penal en su contra, asistiendo al llamamiento judicial, hasta el día 4 de enero del año 1999, cuando en la fase de debate, no se hizo presente al juicio. El debate había iniciado el 15 de diciembre de 1998, consta a folio 1058, del expediente el dictado de la resolución del Tribunal de Juicio en el cual ordenan la rebeldía de la imputada y su captura.

Como consecuencia de la evasión de la imputada Pacheco, el proceso penal en su contra fue separada del que se realizaba a su esposo y coimputado Laureano Montero, anulándose todo lo actuado en cuanto a ella, el proceso principal continuó su marcha, condenándose al imputado Montero.

En cuanto a la causa contra Magdalena Pacheco, la misma se mantiene activa, a espera de su presentación, pues la misma no ha prescrito.



En el debate que se anuló habían declarado varias personas, entre ellas, el oficial Adrian Coto Pereira, miembro del Organismo de Investigación Judicial, cuya declaración vincula a la imputada con la muerte de Borrasé Taylor.

La vinculación de la imputada Magdalena Pacheco, con el proceso se obtuvo como consecuencia de las investigaciones realizadas por la Policía Judicial, las cuales fueron introducidos al proceso y en particular en la fase de juicio a través de la declaración del Oficial Adrián Coto Pereira. En razón de que la prueba posteriormente recabadas en el juicio no fueron apreciadas por los jueces con relación a la imputada Pacheco debido a su fuga, no resulta posible tener algún grado de certeza si eran o no relevantes para establecer su responsabilidad penal, pues justamente para eso se requiere volver a realizar el debate, de modo que se pueda concluir con certeza si los indicios recabados superan el grado de probabilidad de la participación de la imputada que se tiene actualmente.

Se desprende de la declaración brindada por el oficial de Homicidios Adrián Coto (Folios 258 y 259 del expediente), una serie de indicios que permiten tener como probable la participación de Magdalena Pacheco en los hechos, en razón de que efectivamente la imputada se presentó a la casa de habitación cuando se produjo la lesión a su esposo Laureano, y es ubicada en el lugar por uno de los investigadores privados que había contratado Laureano que logró observarla en el sitio, llegando en el carro de su hermano Juan Carlos, además, las características físicas que brindó el testigo Steller Vargas, de la persona que él logra observar coinciden plenamente con las que tenía Magdalena en ese momento.

Otro indicio importante, lo constituyó la información aportada voluntariamente por la imputada en presencia de su abogado, en donde dio detalles de que ella cambió las llantas del vehículo que conducía –y en el que se trasladó el cuerpo del ofendido hasta el lugar donde fue abandonado- a pesar de que en ese momento estaban en buen estado, y que se deshizo de una arma de fuego tipo rifle, que coincidió con las posibles armas que dispararon las balas que le causaron la muerte a Borrase, el patrón de las llantas coincidió con las huellas localizadas en el sitio del suceso, lo que compromete de manera indiciaria a la imputada, desprendiéndose el conocimiento que esta tenía de la muerte del señor Andrés Borrase.

Otro aspecto que compromete a la señora Magdalena Pacheco en cuanto al aspecto temporal fue obtenido de su declaración en presencia de su abogado, pues a la hora que la imputada señala haber trasladado a su esposo Laureando a un sitio denominado San Pedro de Montes de Ocas, no coincide, pues de acuerdo a la hora que ella indica haber hecho eso, coincide con la hora de muerte de José Andrés Borrase, lo cual es un indicio que ésta estuvo presente en el sitio donde ocurrió el Homicidio, esto aunado a que el testigo Martín la observó llegar a la casa en un vehículo color blanco que se pudo determinar era propiedad del hermano de Magdalena, momento en que Laureano estaba herido y el ofendido

7

Borrase se encontraba inconsciente, por lo que el dicho de que ella solo participo recogiendo a su esposo en lugar denominado Plaza del Sol y luego realizó los cambios de las llantas, no tiene coherencia.

El vehículo que se utilizó para deshacerse del cuerpo, de acuerdo a la investigación fue el de Magdalena, un Toyota coupe, placas 155287, ya que ese era el que ella conducía siempre, y fue ella quién fue a cambiar las llantas a pesar de que estas estaban en buen estado, además se cuenta con la versión del dueño del lugar donde se cambiaron las llantas y de los oficiales de Homicidios y los dictámenes que establecen una similitud en la huella de las llantas con las decomisadas.

El vehículo blanco lo menciona el investigador privado Martín quién indica que cuando el se retiraba de la casa, además de que Laureano le dijo que ya casi legaba su esposa este la vio llegar en un vehículo color blanco que de acuerdo a la investigación es propiedad del hermano de Magdalena Pacheco, y al cual ella tenía acceso, para posteriormente cambiar el vehículo en que llegó por el Toyota color rojo en el cual trasladaron a el occiso José Andrés Borrase.

Finalmente no se cuenta en el expediente solicitud de dictamen criminalístico para el elemento piloso, sin embargo, sería posible pensar, que dicha prueba no se practicó durante la fase del debate justamente por la ausencia de la imputada, lo que imposibilitó la recolección de la muestra para comparar.

Sin otro particular,

Lic. Róger Mata Brenes

Fiscalía de Cartago.

8

Cartago, December 16, 2008

Yorleny Matamoros Salazar

Office of the Prosecutor General of the Republic

OATRI [Office of Technical Consultancy and International Affairs] Prosecutor

I am writing to inform you of the research done on the file in case number 97-200572-349-PE against Magdalena Pacheco Bolaños and Laureano Montero for the offense of homicide. The victim in the case was José Andrés Borrasé Taylor. The information on record is as follows:

Page 354 of Volume II shows that Magdalena Pacheco was informed of the charges against her when her initial statement was taken on April 20, 1998.

On April 20, 1998, the prosecution requested that the Judge of the Criminal Court issue a three-month pretrial detention order against the defendant, which was granted. However, it was replaced on July 22, 1998 by a bond of 500,000 *colones*.

Defendant Magdalena Pacheco confronted the criminal case against her, attending court until January 4, 1999, when she failed to appear at trial during the oral argument phase of the proceedings. Oral argument had begun on December 15, 1998. Page 1058 of the file contains the Trial Court's ruling finding the defendant in contempt of court and ordering her arrest.

As a consequence of defendant Pacheco's evasion, the criminal case against her was severed from the case against her husband and codefendant Laureano Montero. All of the proceedings against her were declared null and void. The principal case continued, and defendant Montero was convicted.

The case against Magdalena Pacheco remains active pending her appearance; the statute of limitations has not expired.

Several individuals had testified during the oral proceedings that were declared null and void. Among them was Officer Adrian Coto Pereira, a member of

the Judicial Investigative Agency, whose statement linked the defendant to Borrasé Taylor's death.

Defendant Magdalena Pacheco was linked to the case as a result of the investigations conducted by the Judicial Police, introduced at trial through the testimony of Officer Adrián Coto Pereira. The evidence presented subsequently during the trial was not considered by the judges in relation to defendant Pacheco because she had fled. As such, it is impossible to know with any degree of certainty whether such evidence was relevant to establishing her criminal liability. That would require the reopening of oral argument, in order to conclude with certainty whether the evidence gathered currently meets the requisite degree of probability of the defendant's involvement.

The testimony of Homicide Officer Adrián Coto (Pages 258 and 259 of the file) provides evidence pointing to Magdalena Pacheco's probable involvement in the events, given that the defendant went to the residence when her husband Laureano was injured. Also, one of the private investigators hired by Laureano placed her at the scene, having seen here there when she arrived in her brother Juan Carlos's car. Furthermore, the physical description provided by witness Steller Vargas of the person he saw is fully consistent with Magdalena's appearance at the time.

Another important piece of evidence is the information offered voluntarily by the defendant in the presence of her attorney, in which she provided details about having changed the tires on the vehicle she was driving—and in which the victim's body was transported to the place where it was abandoned—in spite of the fact that they were in good condition at the time. [She also stated] that she had gotten rid of a firearm, a rifle, which was consistent with the type of weapon that fired the bullets that killed Borrase. Also, the pattern of the tires was consistent with the tracks located at the scene of the crime, which implicates the defendant circumstantially, [and] points to the knowledge she had of Andrés Borrase's death.

Another factor that incriminates Magdalena Pacheco in terms of the timeline was also obtained from the statement she gave in the presence of her attorney. The time at which the defendant claims to have transported her husband Laureando [sic] to the place known as San Pedro de Montes de Ocas is inconsistent. The time at which she says she did that coincides with the time of José Andrés Borrase's death, which is circumstantial evidence of her presence at the scene of the homicide. Added to this is the fact that the witness Martín saw Magdalena arrive at the house in a white vehicle, which was later determined to belong to her brother, when Laureano was injured and the victim Borrase was unconscious. Therefore, the assertion that she was involved only in picking her husband up at Plaza del Sol, and that she then changed the tires, is not logical.

According to the investigation, the vehicle that was used to dispose of the body was Magdalena's—a Toyota coupe with license plate number 155287. This

was the car that she always drove, and she was the one who went to have the tires changed even though they were in good condition. We also have the accounts given by the owner of the place where the tires were changed and by the homicide officers, and the expert witness reports that establish the similarity between the tire tracks and the tires that were seized.

The white vehicle was mentioned by the private investigator Martín. He states that Laureano had told him that his wife was on her way, and [he states] that when he left the house, he saw her arrive in a white vehicle (which, according to the investigation, is Magdalena Pacheco's brother's vehicle, to which she had access) and later exchange the vehicle in which she had arrived for a red Toyota in which they transported the deceased José Andrés Borrase.

Finally, the file does not contain any request for an expert opinion report on the hair evidence; nevertheless, it is possible that this evidence was not examined during the oral argument phase of the proceedings due to the absence of the defendant, which made it impossible to collect a sample for purposes of comparison.

Sincerely,


Róger Mata Brenes

Cartago Office of the Public Prosecutor