NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
MARIA PACHECO BOLANOS,           )
                                 )
            Petitioner,          )
                                 )    Civ. Action. No.: 09-1208 (JLL)
       v.                        )
                                 )         OPINION
OSCAR AVILA, MICHAEL MUKASEY,    )
and HILLARY CLINTON,             )
                                 )
            Respondents.         )
_____)

For Petitioner: Haroutyun Asatrian (*Strasser, Asatrian, Asatrian & Syme, LLP*)
                Michael A. Orozco (*Bailey & Orozco, LLC*)
For Respondents: Lakshmi Srinivasan Herman, AUSA

**LINARES, District Judge.**

This matter comes before the Court on the petition of Maria Pacheco Bolanos ("Petitioner" or "Bolanos") for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The United States of America ("the Government") submitted an answer in response to the petition, and Bolanos submitted a reply in furtherance of her petition. Also before the Court at this time is Bolanos's application for release on bail, which is opposed by the Government. This Court having considered the parties' submissions, both the petition and the application for release on bail are denied.

**INTRODUCTION**

Petitioner is a citizen of Costa Rica who has resided in the United States for the last ten years. (Pet. at 2.) She is presently held in the Hudson County Correctional Facility in South

1

Kearny, New Jersey.  (Id.)

On November 18, 1997, Bolanos's then-boyfriend, Laureano Montero Romero ("Montero Romero") stunned Jose Borrase Andres Taylor ("Taylor") with an "electric stick" and proceeded to shoot Taylor several times, killing him.  (Id.; Resp. at 3-4.)  Taylor was convicted of aggravated homicide.  (Resp. at 4.)  After testifying against Montero Romero at trial, the Costa Rican authorities charged Bolanos as an accomplice to aggravated homicide for her alleged role in the killing of Taylor.  (Pet. at 3; Resp. at 3.)

According to the Statement of the Court of Cartago in Costa Rica, Bolanos arrived home shortly after Taylor had been incapacitated.  (Cartago Ct. Statement Transl. at 4-5.)  Bolanos then assisted Montero Romero in immobilizing Taylor, and drove Taylor and several individuals to a farm, where Taylor was killed.  (Id. at 5-6.)  The next day, Bolanos had the tires on the car she drove the night before changed.  (Id. at 7.)  She also washed the car.  (Id.)

Bolanos's trial began in December of 1999, and at some point recessed until January 4, 1999.  (Pet. at 3-4.)  Bolanos failed to appear for trial on January 4, 1999, and fled to the United States.  (Pet. at 4.)  On that same day, the Court of Cartago in Costa Rica declared Bolanos in contempt, and subsequently issued an international arrest warrant.  (Cartago Ct. Statement Transl. at 4-5.)

On April 9, 2008, Petitioner was apprehended on the outstanding warrant in Long Island, New York.  The Government filed an extradition complaint on September 16, 2008; the Honorable Mark Falk, U.S.M.J., held Bolanos subject to extradition via an Opinion and Order dated January 20, 2009.  Bolanos filed her habeas petition for review of Judge Falk's Opinion and Order on March 23, 2009.

**DISCUSSION**

On habeas review of an extradition order, "a reviewing court may consider only whether the magistrate [judge] had jurisdiction, whether the offense charged is within the treaty and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty." Hoxha v. Levi, 465 F.3d 554, 560 (3d Cir. 2006) (internal quotations omitted).  Petitioner challenges her extradition under two theories: she asserts that the extradition order is not supported by sufficient evidence to find probable cause, and she argues that she would be subject to treatment upon return to Costa Rica that would offend this Court's sense of decency.  (Pet. at 6, 18.)

As an initial matter, this Court finds that the final ground for granting the writ advocated by Petitioner, that her potential treatment in Costa Rica would offend this Court, is not cognizable in an extradition habeas under § 2241.  The Government correctly notes that the scope of judicial review in extradition matters is tightly circumscribed, because extradition is an executive rather than a judicial function.  Hoxha, 465 F.3d at 560.  "Under the traditional doctrine of 'non-inquiry,' such humanitarian considerations are within the purview of the executive branch and generally should not be addressed by the courts in deciding whether a petitioner is extraditable."  Id. at 563.  Petitioner's humanitarian claims are beyond the scope of the petition, must be brought before the executive branch, and this Court denies relief on that argument in the petition.  Id.

**A.     Sufficiency of the Extradition Petition in the Absence of a Conviction**

Petitioner argues that a verified petition for extradition is insufficient evidence to support extradition where the petitioner has not been convicted.  (Pet. at 6, 15.)  The Government

disputes that Costa Rica supplied only a verified extradition petition and also that such a petition is insufficient evidence. (Resp. at 12.)

The extradition treaty in question requires the following:

> When the request for extradition relates to a person who has not yet been convicted, it shall be accompanied by:
>
> (a) A copy of the charging document, or an equivalent document issued by a judge or judicial authority; and
>
> (b) Such evidence, as in accordance with the laws of the Requested State, would be necessary to justify the apprehension and commitment for trial of the person sought if the offense had been committed there.

Treaty on Extradition, U.S.-Costa Rica, Dec. 4, 1982, S. Treaty Doc. No. 98-17 (1991), Art. 9(b)(4). Petitioner is, therefore, correct in arguing that the treaty in question requires more than one prerequisite to mandate extradition of a non-convicted person such as herself. It requires a charging document (or equivalent) <u>and</u> sufficient evidence to establish probable cause in the United States. Magistrate Judge Falk based his finding of probable cause on the "Indictment and Request to Open Trial" (hereinafter "Indictment") provided by the Costa Rican authorities, the eyewitness statement of the owner of the tire shop where Bolanos allegedly changed her tires, and Bolanos's admission of her identity. <u>In re Extradition of Magdalena Pacheco Bolanos</u>, No. 08-3461, slip op. at *7-8 (D.N.J. Jan. 20, 2009) (Falk, M.J.). Here, both of the prongs of the treaty have been met. Even if this Court found that the charging document itself could not contain "[s]uch evidence" to satisfy the second prong of the treaty, Judge Falk considered two additional pieces of evidence: the statement of an eyewitness of Bolanos's alleged destruction of evidence and Bolanos's not inconsiderable admission, after a lapse of ten years, that she in fact

4

was the person sought.

The standard for finding probable cause in an extradition hearing is the same as in federal criminal preliminary hearings: whether there is "evidence that would support a reasonable belief that [the defendant] was guilty of the crime charged." Sidali v. I.N.S., 107 F.3d 191, 199 (3d Cir. 1997) (internal quotation omitted). The decision of the magistrate judge is reviewed for abuse of discretion, and must be upheld "if there is any competent evidence in the record to support it." Sidali, 107 F.3d at 199. See also Hoxha, 465 F.3d at 560 (reviewing magistrate judge's finding for abuse of discretion). The Indictment indicates that two private investigators, waiting for Bolanos, were present when gunshots were heard and saw Taylor incapacitated after they rushed to the room. Indictment at 7. The private investigators saw Bolanos arrive as they were leaving. Id. at 14. Another eyewitness placed Bolanos with the group of individuals taking a handcuffed individual to her car. Id. at 13. The indictment also gives an account of the mechanic who changed Bolanos's tires the next day. Id. at 15. All of the eyewitnesses' names are given in the indictment. Id. at 21-24. Combined with Bolanos's admission of identity, a reasonable person could believe that Bolanos was guilty of the crime charged, and this Court finds that the petitioner does not succeed in persuading this Court that Magistrate Judge Falk abused his discretion in finding probable cause. Furthermore, this Court does not agree with Petitioner's argument that the Indictment is conclusory. (Pet. at 12-13.) The Indictment summarizes the witness statements and draws conclusions from them, but does not simply assert legal findings without reference to facts. Indictment at 7, 13-14, 15. The petition is, therefore, denied with respect to Bolanos's arguments concerning the sufficiency of the evidence.

**B.     Exclusion of Bolanos's Evidence as Contradictory**

Magistrate Judge Falk excluded three witness statements, sought to be introduced by Bolanos, as contradictory evidence. In re Extradition of Magdalena Pacheco Bolanos, No. 08-3461, slip op. at *9 n.14. Petitioner argues that this evidence should have been admitted to explain the evidence, rather than excluded as contradictory. (Pet. at 9.) Respondent maintains that these statements were properly excluded. (Resp. at 17-18.) This Court agrees with Respondent.

Bolanos admitted that the statements in question are some of the actual witness statements the Costa Rican prosecutor relied upon in producing the Indictment. In re Extradition of Magdalena Pacheco Bolanos, No. 08-3461, slip op. at *9 n.14. They were submitted, according to Bolanos, so that Magistrate Judge Falk could compare them to the Indictment and use them to evaluate the statements in the Indictment, thus "explaining" the indictment. (Pet. at 9.)

"The range of evidence that a defendant may introduce as to probable cause at an extradition hearing is limited. Courts have traditionally distinguished between inadmissible 'contradictory evidence,' which merely conflicts with the government's evidence, and admissible 'explanatory evidence,' which entirely eliminates probable cause." Hoxha v. Levi, 465 F.3d at 561. "[T]he purpose of permitting explanatory evidence is to afford the relator the opportunity to present reasonably clear-cut proof which would be of limited scope and have some reasonable chance of negating a showing of probable cause." Koskotas v. Roche, 931 F.2d 169, 175 (1st Cir. 1991). This Court agrees with Magistrate Judge Falk's findings in the extradition proceeding: that these statements were submitted as contradictory evidence. Specifically, Petitioner purports that the witness statements do not support the findings found in the

Indictment, and thus do not explain, but contradict the Indictment.  Furthermore, Petitioner does not indicate how the statements in question could negate probable cause in a concrete, "clear-cut" way.  Koskotas, 931 F.2d at 175.  This Court, therefore, declines to grant the petition based upon Magistrate Judge Falk's exclusion of Bolanos's proffered evidence.

C.   **Whether Additional Documentation Should Have Been Requested**

Petitioner also asserts that additional documentation should have been requested by Magistrate Judge Falk as permitted in the treaty.  (Pet. at 16-18.)  Respondent argues that although the treaty permits a magistrate judge to request additional documentation, there is sufficient evidence in the record to support Magistrate Judge Falk's finding of probable cause, and that this Court should not disturb Judge Falk's decision.  (Resp. at 19-20.)

This Court can review an extradition finding for only three grounds: absence of jurisdiction, whether the treaty covers the offense charged, and "whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty."  Hoxha, 465 F.3d at 560.  Having already found, supra, that there was sufficient evidence for probable cause, this Court cannot find that Magistrate Judge Falk committed any error or abuse of discretion by not requesting additional information.

D.   **Bail**

Individuals subject to valid findings that they are subject to extradition may be released on bail in "special circumstances."  Wright v. Henkel, 190 U.S. 40, 63 (1903).  While "a serious deterioration of health while incarcerated" may be able to satisfy the special circumstances test, this Court finds that Bolanos has not established special circumstances.  Salerno v. United States, 878 F.2d 317, 317 (9th Cir. 1989).  Bolanos's application for bail alleges that she can obtain

7

better health care for her cancer in a private medical setting than she can obtain in prison.  The mere availability of a better, private form of medical treatment is not sufficient to overcome the presumption against bail.  United States v. Latulippe, No. 08-mj-59-1, 2008 WL 2704230 (Arenas, M.J.) (D.N.H. July 3, 2008) (holding on individual with stage 3 anal-rectal carcinoma that "[t]he fact that a particular treatment, available in some places, is not available to Mr. Latulippe during his detention does not create a special circumstance that would exempt him from the presumption of detention in this instance.").  Additionally, this court finds that Bolanos, having fled Costa Rica prior to her conviction, represents too great a risk of flight to be eligible for bail.  See Hababou v. Albright, 82 F. Supp 2d 347, 352 (D.N.J. 2000).

## CONCLUSION

For the reasons heretofore given, both the petition and the request for bail are denied.  An appropriate Order accompanies this Opinion.


DATED: September 24, 2009                 /s/ Jose L. Linares
                                                      United States District Judge